IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40170
Conference Calendar
_____


DOUGLAS A. SKIDMORE, JR.,

                                        Plaintiff-Appellant,

versus

CITY OF TEXAS CITY, ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-93-CV-657
- - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Douglas A. Skidmore, Jr., moves this court for leave to
proceed on appeal in forma pauperis (IFP).  See Fed. R. App. P.
24(a).  "To proceed on appeal [IFP], a litigant must be
economically eligible, and his appeal must not be frivolous."
Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir.
1986).  Even assuming that Skidmore is economically eligible, he
fails to present a nonfrivolous issue for appeal.

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Skidmore challenges the sufficiency of the evidence by arguing that the three police officers who testified at trial offered differing facts about his arrest. Skidmore failed to move for judgment as a matter of law. "It is well settled in this Circuit that in the absence of a motion for judgment as a matter of law, the sufficiency of the evidence supporting the jury's verdict is not reviewable on appeal." Roberts v. Wal-mart Stores, Inc., 7 F.3d 1256, 1259 (5th Cir. 1993). Moreover, Skidmore's challenge centers on resolving conflicts within the evidence, an area reserved for the trier of fact. Martin v. Thomas, 973 F.2d 449, 453 (5th Cir. 1992). His issue is not reviewable.

Skidmore argues that his exhibits, photographs of his injury and the subsequent surgery, were not allowed into evidence. At trial, these exhibits were not offered by Skidmore as evidence.

Skidmore disagrees with the contents of his physician's medical reports, and he wished to offer his testimony on the matter. To the extent he wanted to offer his opinion about the causation of his medical condition, he was not qualified to do so. To the extent he wished to inform the jury what his physician told him was the cause of his condition, in contrast with the causation noted in the medical records, this information was not relevant. To the extent that Skidmore desired to explain to the jury that the doctor misunderstood the date Skidmore told the doctor was the beginning date of his pain, there is no indication that Skidmore was prevented from testifying as to the onset of pain.

Because Skidmore fails to bring forward a nonfrivolous issue for appeal, his motion to proceed IFP is DENIED.  Because his appeal is frivolous, the appeal is DISMISSED.  Skidmore's motion for production of the transcript at government expense is DENIED as unnecessary.

APPEAL DISMISSED.